UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| YVONNE SCOTT; et al., | ) | |
| Plaintiffs, | ) ) | 3:14-CV-0004-LRH-VPC |
| v. | ) ) | ORDER |
| CORIZON HEALTH, INC., | ) ) | |
| Defendant. | ) ) | |

Before the court is defendant Corizon Health, Inc.'s ("Corizon") amended notice of removal. Doc. #3.[1]

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). After a party files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).

The district courts of the United States have original jurisdiction of civil actions when the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). If a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the

---

[1] Refers to the court's docket

1 evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*,
2 102 F.3d 398, 404 (9th Cir. 1996). "The court may consider facts in the removal petition and may
3 require parties to submit summary-judgment-type evidence relevant to the amount in controversy at
4 the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal
5 quotation marks omitted).

      After review of the complaint and Corizon's petition for removal, the court finds it requires more evidence to determine whether it has subject matter jurisdiction over this case. In particular, the court notes that the petition for removal acknowledges that plaintiffs' amended complaint "does not allege a specific amount of damages sought for each claim." Doc. #3. Jurisdiction will only exist if Corizon can present "summary-judgment-type evidence" to establish by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement. Corizon is therefore granted leave to present evidence in order to establish that this action involves the requisite amount in controversy.

      IT IS THEREFORE ORDERED that defendant shall have twenty (20) days from the filing of this order to establish the minimum amount in controversy for the exercise of diversity jurisdiction.

      IT IS SO ORDERED.

      DATED this 17th day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE