UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YVONNE SCOTT, an individual; YVONNE HARJO, an individual; and CARRIE CHANEY, an individual, | ) ) ) |
| Plaintiffs, | ) ) 3:14-CV-00004-LRH-VPC ) |
| v. | ) ORDER ) ) |
| CORIZON HEALTH, INC., a foreign corporation, | ) ) ) |
| Defendant. | ) ) ) |

Before the Court is Defendant Corizon Health, Inc.'s ("Corizon") Motion to Dismiss the claims of Plaintiffs Yvonne Harjo ("Harjo") and Carrie Chaney ("Chaney").[1] Doc. #6.[2] Harjo and Chaney filed a Response (Doc. #11), to which Corizon replied (Doc. #16).

**I.     Factual Background**

This action involves a dispute arising from Plaintiffs Scott, Harjo, and Chaney's former employment with Corizon.  Scott, Harjo, and Chaney were employed by Corizon as health care providers at the Washoe County Detention facility in Reno, NV.  Scott worked as a physician's assistant for approximately three (3) years, until May of 2012, when she quit.  Scott  asserts claims

---

[1] Corizon did not move to dismiss the claims of Plaintiff Yvonne Scott ("Scott").

[2] Refers to the Court's docket number.

for tortious discharge, violation of Nevada Revised Statute 449.207, and intentional infliction of emotional distress.  Harjo worked as a registered nurse until she was terminated without cause in October of 2011.  Harjo's only claim in this action is for tortious discharge.   Corizon seeks dismissal of Harjo as her only claim for tortious discharge is time-barred.  Chaney worked as a nurse practitioner until she was terminated without cause on September 7, 2013.  Chaney asserts claims for tortious discharge, violation of Nevada Revised Statute 449.207, and intentional infliction of emotional distress.  Corizon also seeks dismissal of Chaney's three claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 678-79.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at

2

678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

    **A.   Plaintiff Harjo's Claim**

Corizon asserts that Harjo's sole claim for tortious discharge is time-barred. The Court agrees. Under Nevada law, tort claims—including claims for tortious discharge—must be brought within two (2) years of the date on which the action accrues. *See Fox v. Sysco Corp.*, No. 2:11-cv-00424-RLH-PAL, 2011 WL 5838179, at *4 (D. Nev. Nov. 21, 2011) ("under Nevada law tort claims must be brought within two years of the date the cause of action accrues"); *see also* Nev. Rev. Stat. 11.190(4)(e) ("an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another" may only be commenced within 2 years); *State Farm Mut. Auto. Ins. Co. v. Fitts*, 99 P.3d 1160, 1161 (Nev. 2004) ("two-year statute of limitations govern[s] tort actions brought in Nevada"); *Smallwood v. Titanium Metals Corp.*, 115 Fed. Appx. 416, at *1 (9th Cir. 2004) ("[i]n Nevada, a claim for wrongful discharge is subject to a two-year statute of limitations") (citing *Palmer v. State*, 106 Nev. 151, 787 P.2d 803, 804 (1990); *Torre v. J.C. Penney Co., Inc.*, 916 F. Supp. 1029, 1030 (D. Nev. 1996)). Harjo admits that she was terminated in October of 2011. *See* Am. Compl., Doc. #1, Ex. A, ¶3. She filed suit on November 14, 2013 (Compl., Doc. #1, Ex. A), more than a month after the statute of limitations

3

had run.  Accordingly, the Court finds that her claim for tortious discharge is time-barred.

### B. Plaintiff Chaney's Claims

*Tortious Discharge*

Under Nevada law, an employer may fire an at-will employee for any reason or for no reason at all. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 376 (1999) (en banc).  Nevada, however, recognizes a public policy exception to at-will employment. *Id.* Where an employer terminates an employee in violation of public policy, the terminated employee may bring a cause of action for tortious discharge. *Id.* at 376-77.  "In Nevada, tortious discharge claims can arise when an employee is terminated for 'whistleblowing;' that is, for reporting an employer's alleged illegal activity to the appropriate authorities." *Reuber v. Reno Dodge Sales, Inc.*, No. 61602, 2013 WL 7158571, at *1 (Nov. 1, 2013 Nev.) (citing *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293 (1989)).  In order to qualify for this limited public policy exception to the at-will employment doctrine, the employee's actions must be for the public good, and not merely private or proprietary. *Wiltsie*, 105 Nev. at 291.  As such, an employee must report the employer's allegedly illegal activity to the appropriate authorities *outside of the company*. *See Bielser v. Prof. Sys. Corp.*, 177 Fed. Appx. 655, 656 (9th Cir. 2006) ("Nevada precedent is clear, therefore, that unless an employee reports the employer's allegedly illegal activity to authorities outside of the company, he or she cannot claim protected whistleblower status").  Where an employee only "report[s] the activity to his supervisor rather than the appropriate authorities," the employee is "merely acting in a private or proprietary manner" and is thus not eligible for whistleblower protections. *Wiltsie*, 105 Nev. at 293.

Here, Chaney's claim for tortious discharge arises solely from her alleged whistleblower activities. *See* Doc. #11, p. 4 (confirming that Chaney's claim for tortious discharge is based on a whistleblower theory).  However, Chaney does not allege that she engaged in any type of external reporting.  Accordingly, she is not eligible for whistleblower protection under the public policy exception to Nevada's at-will employment statute.  Chaney argues that internal reporting can also

foster public policy and should, thus, support a claim for tortious discharge. *See* Doc. #11, pp. 4-5.[3] However, as the Nevada Supreme Court has stated clearly and on numerous occasions: "[the court is] not compelled to extend the grounds for a whistleblowing claim beyond this limitation." *Reuber*, 2013 WL 7158571, at *1 (citing *Miller v. Burk*, 124 Nev. 579, 597 (2008) ("[U]nder the doctrine of *stare decisis*, [this court] will not overturn [precedent] absent compelling reasons for so doing. Mere disagreement does not suffice.")). Accordingly, Chaney's claim for tortious discharge arising from her alleged whistleblower activities fails as a matter of law.

*Violation of Nevada Revised Statute 449.207*

Nevada Revised Statute 449.207(1) creates a cause of action where an employee believes that he or she has been retaliated or discriminated against in violation of Nevada Revised Statute 449.205. Nevada Revised Statute 449.205(1)(b)(3)(III) provides that "[a] medical facility or any agent or employee thereof shall not retaliate or discriminate unfairly against: . . . [a] registered nurse, licensed practical nurse, nursing assistant or medication aide—certified who is employed by or contracts to provide nursing services for the medical facility and who: . . . [i]n good faith, reports to the medical facility[:] . . . [a]ny other concerns regarding the medical facility, the agents and employees thereof or any situation that reasonably could result in harm to patients." The Statute defines "retaliate or discriminate" to include a dismissal. *See* Nev. Rev. Stat. 449.205(4)(c)(VIII).

Here, the Court finds that Chaney has sufficiently alleged a cause of action for retaliation pursuant to Nevada Revised Statute 449.205(1)(b)(3)(III).[4] Specifically, Chaney alleges that "[she]

---

[3] In support thereof, Chaney cites a number of cases outside of this jurisdiction, which lack binding authority on the Court. To the extent she cites *Allum v. Valley of Nevada*, 114 Nev. 1313 (1998), her reliance is misplaced. Specifically, the language Chaney quotes stands for an entirely different proposition—namely, that a plaintiff must demonstrate that his or her discharge was "because of" or proximately caused by his or her protected conduct.

[4] Chaney fails to state a claim under any other subsection of Nevada Revised Statute 449.205. Nevada Revised Statute 449.205(1)(b)(2) provides that "[i]n accordance with a policy adopted pursuant to NRS 449.2423, [an employee] requests to be relieved of, refuses or objects to a work assignment." Chaney does not allege that she requested to be relieved of or refused or objected to a work assignment.

complained to [Corizon's] facility management that the interim physician refused to enter his chartings into the electronic charting system, which the other staff relied upon in dealing with patients[,]" and that "[she] complained to [Corizon's] facility management that the staff psychiatrist was going days without doing mental health assessments of inmates." Am. Compl., Doc. #1, Ex. A, ¶¶24-25. Moreover, Chaney alleges that she was terminated without cause on September 7, 2013. *Id.* at ¶4. Accordingly, Chaney's claim for violation of Nevada Revised Statute 449.207 may proceed in this regard.

*Intentional Infliction of Emotional Distress*

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiffs having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125 (1981). The Nevada Supreme Court has recognized claims for intentional infliction of emotional distress in the context of wrongful employment termination. *See State v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 118 Nev. 140, 152 (2002); *see also Shoen v. Amerco, Inc.*, 111 Nev. 735, 747 (1995).

Here, the Court finds that Chaney failed to adequately describe the conduct that she considered to be extreme and outrageous. Her conclusory allegation that Corizon's conduct "was intentional and outrageous, designed to inflict severe emotional distress upon Plaintiffs" (Am. Compl., Doc. #1, Ex. A, ¶37) lacks factual support and thus cannot support a claim for intentional infliction of emotional distress. *See Davenport v. Homecomings Fin., LLC*, No. 5322, 2014 WL 1318964, at *6 (Nev. Mar. 31, 2014) (conclusory allegation that defendant's acts were extreme and outrageous and were designed to cause emotional distress was insufficient where plaintiff failed to describe the conduct he considered to be extreme and outrageous).

To the extent that Chaney's claim for intentional infliction of emotional distress is premised on Corizon's (1) refusal to require the interim physician to enter orders into the electronic system (Am. Compl., Doc. #1, Ex. A, ¶24) and (2) refusal to allow her to perform hands-on patient

6

assessments (Am. Compl., Doc. #1, Ex. A, ¶26), the Court agrees with Corizon that this conduct, without more, falls woefully short of satisfying the requisite level extreme and outrageous conduct required to support a claim of intentional infliction of emotional distress. Indeed, "extreme and outrageous conduct is that which [transcends] all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 4 (1998) (per curiam) (internal quotation marks and citations omitted). "[M]ajor outrage is essential to the tort; and the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough." *Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1122 (D. Nev. 2009) (citing Restatement (Second) of Torts § 46, cmt. f); *see also Colquhoun v. BHC Montevista Hosp., Inc.*, No. 2:10-cv-00144-RLH-PAL, 2010 WL 2346607, at *3 (D. Nev. June 9, 2010) (claims of intentional infliction of emotional distress are "reserved for the must egregious behavior"). Moreover, Chaney fails to allege that each of these actions was taken with the intent to cause her extreme emotional distress. *See Ramani v. Chabad of So. Nev., Inc.*, No. 49341, 2011 WL 3298395, at *2 (Nev. July 29, 2011) (failure to assert that defendant's alleged actions were committed with specific intent to cause severe and extreme emotional distress was fatal to plaintiff's complaint). Accordingly, Chaney's claim for intentional infliction of emotional distress shall be dismissed for failure to state a claim.

IT IS THEREFORE ORDERED that Corizon's Motion to Dismiss (Doc. #6) is GRANTED in part and DENIED in part as follows:

    (1)    Plaintiff Harjo's sole claim for tortious discharge shall be DISMISSED with prejudice.

    (2)    Plaintiff Chaney's first claim for tortious discharge shall be DISMISSED with prejudice.

    (3)    Plaintiff Chaney's second claim for violation of Nevada Revised Statute 449.207 shall proceed.

(4) Plaintiff Cheney's third claim for intentional infliction of emotional distress shall be DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 9th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE